J-S58025-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| CHRISTOPHER P. COUSINEAU, | |
| Appellant | No. 271 WDA 2014 |

Appeal from the Judgment of Sentence Entered on January 14, 2014
In the Court of Common Pleas of Allegheny County
Criminal Division at No(s): CP-02-CR-0006029-2011

BEFORE: GANTMAN, P.J., BENDER, P.J.E., and PLATT, J.[*]

MEMORANDUM BY BENDER, P.J.E.: **FILED SEPTEMBER 04, 2014**

Appellant, Christopher P. Cousineau, appeals from the judgment of sentence of 3-6 years' incarceration imposed after his previously imposed sentence of probation was revoked. In this appeal, Appellant challenges the discretionary aspects of his sentence. After careful review, we affirm.

On November 3, 2011, Appellant entered a guilty plea to five counts of burglary (counts 1-5), 18 Pa.C.S. § 3502(c)(2), and one count of criminal mischief (count 6), 18 Pa.C.S. § 3304(a)(5). He was sentenced the same day. At count 1, the trial court sentenced him to 9-18 months' incarceration in Allegheny County Jail, and a consecutive term of 3 years' probation. The trial court sentenced Appellant to no further penalty on all remaining counts.

_____

[*] Retired Senior Judge assigned to the Superior Court.

On November 6, 2013, Appellant entered a negotiated guilty plea to nine additional burglaries.[1]  For these new offenses, Appellant was sentenced to an aggregate term of 2-4 years' incarceration and a consecutive term of 5 years' probation.

The trial court then held a probation violation hearing on January 14, 2014.  At that time, the trial court revoked Appellant's probation at CP-02-CR-0006029-2011 and imposed a new sentence of 3-6 years' incarceration. The court ordered this sentence to run consecutively to the term of 2-4 years' incarceration imposed for the new offenses.  On January 17, 2014, Appellant filed a timely post-sentence motion requesting that the court reconsider his sentence.  The trial court denied that motion on January 31, 2014.  Appellant then filed a timely notice of appeal on February 13, 2014.

On May 6, 2014, Appellant filed a Pa.R.A.P. 1925(b) statement of errors complained of on appeal, in compliance with the trial court's order that was issued on April 15, 2014.  The trial court issued its Rule 1925(a) opinion on June 2, 2014.  Appellant now presents the following question for our review:

> Did the trial court abuse its discretion by sentencing [Appellant] to three to six years of incarceration, when it failed to

_____

[1]  **See** CP-02-CR-0008704-2013, CP-02-CR-0008783-2013, CP-02-CR-0008925-2013, CP-02-CR-0008926-2013, CP-02-CR-0008927-2013, CP-02-CR-0008928-2013, CP-02-CR-0008942-2013, CP-02-CR-0009445-2013, and CP-02-CR-0010658-2013.

adequately consider and apply all the required sentencing factors under 42 Pa.C.S.A. § 9721, specifically the character of [Appellant] and his rehabilitative needs?

Appellant's Brief at 5 (unnecessary capitalization omitted).

Appellant's claim challenges the discretionary aspects of his sentence.

Challenges to the discretionary aspects of sentencing do not entitle an appellant to review as of right. ***Commonwealth v. Sierra***, 752 A.2d 910, 912 (Pa. Super. 2000). An appellant challenging the discretionary aspects of his sentence must invoke this Court's jurisdiction by satisfying a four-part test:

> [W]e conduct a four-part analysis to determine: (1) whether appellant has filed a timely notice of appeal, ***see*** Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, ***see*** Pa.R.Crim.P. [720]; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S.A. § 9781(b).

***Commonwealth v. Evans***, 901 A.2d 528, 533 (Pa. Super. 2006), *appeal denied*, 589 Pa. 727, 909 A.2d 303 (2006) (internal citations omitted). Objections to the discretionary aspects of a sentence are generally waived if they are not raised at the sentencing hearing or in a motion to modify the sentence imposed. ***Commonwealth v. Mann***, 820 A.2d 788, 794 (Pa. Super. 2003), *appeal denied*, 574 Pa. 759, 831 A.2d 599 (2003).

The determination of what constitutes a substantial question must be evaluated on a case-by-case basis. ***Commonwealth v. Paul***, 925 A.2d 825, 828 (Pa. Super. 2007). A substantial question exists "only when the appellant advances a colorable argument that the sentencing judge's actions were either: (1) inconsistent with a specific provision of the Sentencing Code; or (2) contrary to the fundamental norms which underlie the sentencing process." ***Sierra***, ***supra*** at 912-13.

As to what constitutes a substantial question, this Court does not accept bald assertions of sentencing errors. ***Commonwealth v. Malovich***, 903 A.2d 1247, 1252 (Pa. Super.

2006). An appellant must articulate the reasons the sentencing court's actions violated the sentencing code. *Id.*

*Commonwealth v. Moury*, 992 A.2d 162, 170 (Pa. Super. 2010).

Here, Appellant filed a timely notice of appeal and provided a Rule 2119(f) statement in his brief. The Commonwealth asserts, however, that Appellant failed to adequately preserve his claim in his post-sentence motion to reconsider his sentence. We disagree.

Although we acknowledge that the language used in the post-sentence motion to reconsider does not precisely mirror the language used in Appellant's brief, we recognize that, for all intents and purposes, the issue being raised is identical. Clearly the language used by appellate counsel in Appellant's Rule 1925(b) statement, his Rule 2119(f) statement, and the body of Appellant's brief, is tailored to fulfill our substantial question requirement, as Appellant is not entitled as of right to challenge the discretionary aspects of his sentence. Appellant's post-sentence motion for reconsideration of sentence, authored by probation violation counsel, reflects a more informal linguistic approach to the same claim. However, all recitations coalesce around the same substantive claim: that the trial court abused its discretion by failing to consider Appellant's heroin addiction as that matter relates to his rehabilitative needs and character. Moreover, the trial court did not express any concern that the manner in which the claim was raised in Appellant's post-sentence motion differed significantly from the

manner in which it was raised in Appellant's Rule 1925(b) statement. Accordingly, we decline to find waiver in this instance.

It only remains for us to consider whether Appellant presents a substantial question for our review, and we conclude that he does. Appellant claims his sentence was imposed without consideration of statutory sentencing factors set forth in 42 Pa.C.S. § 9721(b) of the Sentencing Code, particularly that the sentencing court failed to consider his character and rehabilitative needs. A claim that a sentence is inconsistent with a specific provision of the Sentencing Code presents a substantial question for our review. *See Commonwealth v. Downing*, 990 A.2d 788, 793 (Pa. Super. 2010) (finding that a sentencing court's failure to consider "Appellant's rehabilitative needs and the protection of society" raises a substantial question).

We now turn to the merits of Appellant's claim. We review Appellant's sentence for an abuse of discretion:

> Sentencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion. In this context, an abuse of discretion is not shown merely by an error in judgment. Rather, the appellant must establish, by reference to the record, that the sentencing court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias or ill will, or arrived at a manifestly unreasonable decision.

*Commonwealth v. Hoch*, 936 A.2d 515, 517–18 (Pa. Super. 2007) (citation omitted).

Appellant asserts that the trial court "focused solely on the crime itself and [Appellant's] criminal history, contrary to the fundamental norms underlying the sentencing process." Appellant's Brief at 21. In doing so, the trial court "ignored [Appellant's] history, characteristics, or rehabilitative needs, gave no credence to [probation violation counsel's] plea to the trial court, or [Appellant's] allocution." *Id.* at 20-21.

During Appellant's allocution, he apologized for his conduct and indicated that he had made a serious effort at staying clean and maintaining employment during his probation. However, he indicated that he retreated back into heroin addiction after losing several jobs for reasons beyond his control, during a time in which he was also struggling with the loss of his children to CYF.[2]

Addressing Appellant's claim, the trial court responded:

> At the time of the plea, this Court noted that the maximum sentence for Burglary was ten (10) years. At the revocation hearing, this Court imposed a term of imprisonment of three (3) to six (6) years, which sentence was well below the maximum sentence available.
>
> Additionally, prior to imposing sentence, this Court placed its reasons for doing so on the record. It stated:
>
> THE COURT: Well, Mr. Cousineau, this case is not about your sustained drug addiction, in my mind, so much as it is about burglarizing a series of homes. Burglary is by definition a crime of violence, a felony of the first degree.

_____

[2] Department of Children, Youth and Families.

> And all that you say may be true. However, I have to doubt it, because when you were out, you went and committed additional burglaries, and that's how you dealt with your problem. What caused you to do that is neither here nor there to me, but I know that there are a series of families that no longer feel safe in their house.
>
> It's not as though this is the only time you've been in front of this Court. In fact, you were before me for a series of domestic violence cases when we first started the court. You have not made any attempt at rehabilitation and no effort to turn yourself around, evidenced by the fact that as soon as you were out, practically, you started using drugs and committing additional felonies.
>
> This Court does not feel that you're a candidate for either rehabilitation or county supervision.

(Probation Revocation Hearing Transcript, p. 11-12).

> As demonstrated by the record, this Court clearly placed ample reasons for its sentence on the record. The sentence imposed was well beneath the maximum sentence available at the time of the initial sentencing and therefore, was legal. The sentence imposed was not in violation of the Sentencing Guidelines, either due to its length or the reasons contained in the record for its imposition. The sentence was legal and did not constitute an abuse of discretion. Therefore, this claim must fail.

Trial Court Opinion, 5/29/14, at 3-4.

We discern no abuse of discretion in the trial court's reasoning. Although the language the trial court used to dismiss Appellant's character and rehabilitative needs was curt, the court did not appear to have disregarded such considerations altogether. Rather, the court chose to afford other statutory sentencing considerations more weight in the context of how Appellant's probation violation arose.

Appellant violated his probation, imposed after he committed five burglaries, by committing an additional nine burglaries, all felony offenses in

their own right. And whereas the first five burglaries involved a single business, the new burglaries targeted multiple private residences. In light of this escalation of criminal behavior, which occurred while Appellant was still under supervision, the trial court understandably afforded more weight to the "protection of the public [and] the gravity of the offense as it relates to the impact on the life of the victim and on the community" than to Appellant's rehabilitative needs. 42 Pa.C.S. § 9721(b). To the extent Appellant contends that the trial court did not afford his rehabilitative needs enough weight, we will not address such a claim, because "the mere assertion that the trial court failed to give adequate weight to sentencing factors will not rise to the level of a 'substantial question.'" *Commonwealth v. Dalberto*, 648 A.2d 16, 22 (Pa. Super. 1994).

Judgment of sentence *affirmed*.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 9/4/2014